HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID-MERRITT: FARSON and other people similarly situated, | CASE NO. 23-cv-01615 |
| Plaintiffs, | **ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendant United States of America's Motion for Judgment on the Pleadings ("Defendant's Motion"), Dkt. # 12, Plaintiff's Motion for Recusal, Dkt. # 26, and various other motions filed by Plaintiff.  Dkts. # 16, 17 30, 34.

For the reasons set forth below, the Court **GRANTS** Defendant's Motion, Dkt. # 12, and **DENIES** Plaintiff's Motion for Recusal.  Dkt. # 26.  The Court also **DENIES as moot** Plaintiff's remaining motions.  Dkts. # 16, 17, 30, 34.

## II.    BACKGROUND

Plaintiff's lawsuit arises from his grievances about the dismissal of a case, *Farson v. City of Lake Stevens*, No. 2:22-cv-00405, Dkt # 46, (W.D. Wash. Apr. 12, 2023) ("*City of Lake Stevens*").  Mr. Farson initiated the *City of Lake Stevens* case in state court after entering a misdemeanor plea to resolve criminal charges stemming from his failure to produce a license and registration at a traffic stop.  *See City of Lake Stevens*, Dkt. # 35 at 2-4 (W.D. Wash. Feb. 3, 2023).  Mr. Farson claimed that this requirement violated his constitutional right to travel.  *See id*.  The state court complaint alleged violations under 42 U.S.C. § 1983, and the City of Lake Stevens removed the case to federal court on the basis of federal question jurisdiction.  *See id*.  Once in federal court, Judge King issued a 46-page order dismissing all but one of the claims, and eventually dismissed the entire case with prejudice on April 12, 2023.  Plaintiff did not appeal Judge King's decision to the Ninth Circuit.

Plaintiff initiated the instant action in September 2023.  Plaintiff filed a 110-page complaint in King County Superior Court asserting nineteen causes of action based on Judge King's orders in the now-dismissed *City of Lake Stevens* case.  *See* Dkt. # 5-1.  This case was removed to federal court pursuant to 28 U.S.C. §§ 1346, 1442(a)(1) and 2676 (Federal Tort Claims Act) ("FTCA").  In accordance with the FTCA, the United States of America sought substitution of the proper defendant.  Dkt. # 3.  This Court approved substitution on October 26, 2023.  Defendant now seeks dismissal of this case.  Dkt. # 12.

### III.    LEGAL STANDARDS

**A.    Judgment on the Pleadings**

The standard for dismissing claims under Rule 12(c) is "substantially identical" to the Rule 12(b)(6) standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678. *See also Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012) (internal quotation marks and citation omitted); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) ("Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, we have said that Rule 12(c) is functionally identical to Rule 12(b)(6) and that the same standard of review applies to motions brought under either rule.") (internal quotation marks and citation omitted). This is because, "under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez*, 683 F.3d at 1008 (internal quotation marks and citation omitted).

Where a plaintiff is filing an action *pro se*, the Court must construe complaint liberally when evaluating it under the *Iqbal* standard. *See Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011). Although the Court holds the pleadings of *pro se* plaintiffs to "less stringent standards than those of licensed attorneys," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## IV.    DISCUSSION

**A.    Judicial Immunity**

Defendant United States of America argues that the Court must dismiss this case because the law entitles Judge King to judicial immunity under the circumstances alleged in the Complaint.  Dkts. # 12, 21.  Plaintiff opposes dismissal but fails to address the substance of the arguments raised in Defendant's Motion.  Dkt. # 17.  Defendant raises several arguments in support of dismissal, but the Court need not reach those arguments. [1] The Court concludes Plaintiff's claims are barred because Judge King is entitled to absolute immunity in this this case.

"Judicial immunity is a common law doctrine developed to protect judicial independence." *Moore v. Urquhart*, 899 F.3d 1094 (9th Cir. 2018) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  "[J]udicial immunity ensures that challenges to judicial rulings are funneled through more efficient channels for review like the appellate process. *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021)

It is well established that judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (citation omitted).  As the Ninth Circuit has reiterated, a judge remains immune from suit even if the action he or she took was in error, done maliciously, or in excess of his or her authority.  *See Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006).

---

[1] Defendant also argues dismissal is appropriate because: 1) sovereign immunity has not been waived under the FTCA; 2) Plaintiff failed to exhaust his administrative remedies under the FTCA; 3) the derivative jurisdiction doctrine compels dismissal of Plaintiff's claims; and 4) Plaintiff's claims are barred by collateral estoppel.  *See* Dkt. # 12.

The doctrine provides judges absolute immunity from liability for damages for acts committed within their judicial capacity, even if they are accused of acting maliciously or corruptly. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 364 (1978). The exception, of course, is that judicial immunity does not extend to acts taken in the "clear absence of all jurisdiction." *Pierson*, 386 U.S. 547 at 544.

Here, Plaintiff's claims against Judge King are barred because the actions raised in the Complaint are all judicial in nature and were not taken in absence of jurisdiction. *See* Dkt. # 1-5. These allegations include the Court should not have exercised jurisdiction over his lawsuit, ignoring that Judge King had federal question jurisdiction over the *City of Lake Stevens* case. *Id.* at ¶¶ 9-12, 32, 36-37, 44, 46-56, 79-82, 86-87, 91-92, 99, 103-05. Additionally, Plaintiff alleges the Judge King should not have dismissed his case. *See id.* at ¶¶ 33-45, 63-70, 110-11. Plaintiff further alleges Judge King's Court should have assisted him as a *pro se* litigant. *See id.* at ¶¶ 34-35. Plaintiff also alleges Judge King should not have stricken his pretend orders and other inappropriate submissions from the docket. *See id.* at ¶¶ 42, 56–60, 77, 97. Here, Plaintiff essentially seeks to collaterally attack Judge King's judgment in the *City of Lake Stevens* case. The acts Plaintiff complains of are barred by absolute judicial immunity; thus, dismissal is proper.

For the reasons stated above, the Court DISMISSES Plaintiff's Complaint with prejudice. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect"). The Court DENIES all pending motions as moot. Dkts. # 16, 17, 26, 30, 34.

**B.    Motion for Recusal**

Plaintiff moves for the undersigned to recuse himself from presiding over the action. Dkt. # 26.   Plaintiff bases the Motion for Recusal on unsubstantiated speculative assumptions about potential bias the Court may have in adjudicating this case.   These allegations are completely without merit.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned."  A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff's recitation of the Judicial Code of Conduct and allegations about professional relationships creating bias in this case are insufficient to support a motion for recusal.  Dkt. # 26.  The Court is aware of no bias against Plaintiff or in favor of Defendant. Furthermore, there must be a factual showing of a reasonable basis for questioning the impartiality of a judge, or allegations of facts establishing other disqualifying circumstances. *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985); *see also U.S. v. Holland*,

519 F.3d 909, 912 (9th Cir. 2008) (explaining that disqualification under Section 455(a) is necessarily fact-driven and may turn on subtleties in the particular case). "Conclusory statements and unsupported beliefs and assumptions are of no effect." *Maier*, 758 F.2d at 1583.   Indeed, the Ninth Circuit instructs that "[f]rivolous and improperly based suggestions that a judge recuse should be firmly declined." *Id*.   Therefore, Plaintiff's Motion for Recusal is DENIED. Dkt. # 26.  In accordance with Local Civil Rule 3(f), this Order will be referred to the Honorable Chief Judge David G. Estudillo for review of this decision.

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES**, Plaintiff's Motion for Recusal, Dkt. # 26, **GRANTS** Defendant's Motion for Judgment on the Pleadings, Dkt. # 12, and **DISMISSES** Plaintiff's claims against Defendant United States **WITH PREJUDICE**. The Court **DENIES** Plaintiff's outstanding motions as moot.  Dkts. # 16, 17, 30, 34.

Dated this 31st day of May, 2024.

The Honorable Richard A. Jones
United States District Judge